UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 10-20716-CR-LENARD/TURNOFF

UNITED STATES OF AMERICA

vs.

CARLOS ALBERTO ORTEGA,

Defendant.
_____/

## PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida ("this Office") and

Carlos Alberto Ortega (hereinafter referred to as the "defendant") enter into the following agreement:

1. The defendant agrees to plead guilty to Count 1 of the Indictment, which charges the

defendant with conspiracy to possess with intent to distribute a controlled substance, in violation of

Title 21, United States Code, Section 846.

2. This Office agrees to seek dismissal of counts 2 and 4 of the Indictment, as to this

defendant, after sentencing.

3. The defendant is aware that the sentence will be imposed by the Court after

considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter

"Sentencing Guidelines"). The defendant acknowledges and understands that the Court will

compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines

will be determined by the Court relying in part on the results of a pre-sentence investigation by the

Court's probation office, which investigation will commence after the guilty plea has been entered.

The defendant is also aware that, under certain circumstances, the Court may depart from the

advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offenses identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

4.      The defendant also understands and acknowledges that as to Count 1 of the Indictment, the Court may impose a statutory maximum term of imprisonment of up to twenty (20) years, followed by a mandatory minimum term of supervised release of three (3) years and a maximum term of supervised release of life. In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to $1,000,000 and may order restitution.

5.      The defendant further understand and acknowledges that, in addition to any sentence imposed under paragraph 4 of this agreement, a special assessment in the amount of $100 will be imposed on the defendant. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing. If a defendant is financially unable to pay the special assessment, the defendant agrees to present evidence to this Office and the Court at the time of sentencing as to the reasons for the defendant's failure to pay.

6.      This Office reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses

2

committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

7.      The Office agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the defendant's offense level is determined to be 16 or greater, the Office will file a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the Office to avoid preparing for trial and permitting the Office and the Court to allocate their resources efficiently. The Office, however, will not be required to make this motion and this recommendation if the defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the Office prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

8.     This Office and the defendant agree that, although not binding on the probation office or the Court, they will jointly recommend that the Court make the following findings and conclusions as to the sentence to be imposed:

Quantity of drugs: That the quantity of controlled substance – marijuana and marijuana plants – involved in the offense, for purpose of Section 2D1.1(a) and (c) of the Sentencing Guidelines and is at least 10 kilograms but less than 20 kilograms.

9.     This Office and the defendant agree that, although not binding on the probation office or the Court, they will jointly recommend that the Court impose a sentence within the advisory sentencing guideline range produced by application of the Sentencing Guidelines.  Although not binding on the probation office or the Court, this Office and the defendant further agree that, except as otherwise expressly contemplated in this Plea Agreement, they will jointly recommend that the Court neither depart nor vary upward nor downward under the Sentencing Guidelines when determining the advisory sentencing guideline range in this case.

10.     The defendant is aware that the sentence has not yet been determined by the Court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, the Office, or the probation office, is a prediction, not a promise, and is not binding on the Office, the probation office or the Court. The defendant understands further that any recommendation that the Office makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged in paragraph 3 above, that the defendant may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made

by the defendant, the Office, or a recommendation made jointly by both the defendant and the Office.

11.     The defendant also agrees to assist this Office in all proceedings, whether administrative or judicial, involving the forfeiture to the United States of all rights, title, and interest, regardless of their nature or form, in all assets, including real and personal property, cash and other monetary instruments, wherever located, which the defendant or others to the defendant's knowledge have accumulated as a result of illegal activities. Such assistance will involve the defendant's agreement to the entry of an order enjoining the transfer or encumbrance of assets that may be identified as being subject to forfeiture. Additionally, defendant agrees to identify as being subject to forfeiture all such assets, and to assist in the transfer of such property to the United States by delivery to this Office upon this Office's request, all necessary and appropriate documentation with respect to said assets, including consents to forfeiture, quit claim deeds and any and all other documents necessary to deliver good and marketable title to said property.

(a)     The defendant further agrees to forfeit to the United States voluntarily and immediately all of the defendant's right, title and interest to any and all assets, and/or their substitutes which are subject to forfeiture pursuant to Title 21, United States Code, Section 853.

(b)     The defendant knowingly and voluntarily agrees to waive any claim or defense the defendant may have under the Eighth Amendment to the United States Constitution, including any claim of excessive fine or penalty with respect to the forfeited assets.

12.     The defendant is aware that Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291 afford the defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the Office in this plea agreement, the defendant hereby waives all rights conferred by Sections 3742 and 1291 to appeal any

sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or an upward variance from the advisory guideline range that the Court establishes at sentencing.   The defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b) and Title 28, United States Code, Section 1291.   However, if the United States appeals the defendant's sentence pursuant to Sections 3742(b) and 1291, the defendant shall be released from the above waiver of appellate rights.   By signing this agreement, the defendant acknowledges that the defendant has discussed the appeal waiver set forth in this agreement with the defendant's attorney.   The defendant further agrees, together with the Office, to request that the Court enter a specific finding that the defendant's waiver of the defendant's right to appeal the sentence to be imposed in this case was knowing and voluntary.

13.     The defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a citizen of the United States.   Under federal law, a broad range of crimes are removable offenses, including the offenses to which defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and defendant understands that no one, including the defendant's attorney or the Court, can predict to a certainty the effect of the defendant's conviction on the defendant's immigration status.   The defendant nevertheless affirms that the defendant wants to plead guilty regardless of any immigration consequences that the defendant's plea may entail, even if the consequence is the defendant's automatic removal from the United States.

14.     This is the entire agreement and understanding between this Office and the defendant.

There are no other agreements, promises, representations, or understandings.


WIFREDO A. FERRER
UNITED STATES ATTORNEY

Date: 6/8/2011                          By: _____
                                            OLIVIA S. CHOE
                                            ASSISTANT UNITED STATES ATTORNEY

Date: _____                   By: _____
                                            ARNALDO SURI
                                            ATTORNEY FOR DEFENDANT

Date: _____                   By: _____
                                            CARLOS ALBERTO ORTEGA
                                            DEFENDANT